## Harkins's Estate.

*Decedents' estates—Claims against—Board, wages, attendance at funeral —Findings of auditing judge.*

1. Where it was the custom of decedent to pay his board every two weeks, and it is the uncontradicted testimony that he had not paid claimant the amount due for board for the two weeks immediately preceding his death, the claim was allowed.

2. Where claimant and decedent were brothers-in-law and decedent made his home with claimant, a claim for loss of wages during decedent's last illness and for the time intervening between his death and burial was not allowed.

3. The finding of fact by an auditing judge is conclusive in the absence of manifest error.

Exceptions to adjudication. O. C. Phila. Co., July T., 1922, No. 553.

*Ulysses S. Koons*, for exceptions; *Daniel C. Donoghue*, contra.

GUMMEY, J., Nov. 24, 1922.—Two sets of exceptions are before us; those filed on behalf of Michael Roach relate to the refusal of the auditing judge to allow him for two weeks' board of the decedent at $10 per week, and the further sum of $40, representing loss of wages during the decedent's last illness and the period intervening between his death and burial, the decedent having been taken ill on Thursday night and dying the Sunday following.

We think that the auditing judge should have allowed the claim for board. It appears that it was the custom of the decedent to pay his board every two weeks, and it is the uncontradicted testimony that the decedent had not paid the claimant the amount due for board for the two weeks immediately preceding his death. This claim is, therefore, allowed.

We see no reason, however, for allowing this exceptant's claim for loss of wages. In view of the fact that the claimant and the decedent were brothers-in-law and that the decedent had been boarding with the claimant and his wife for a number of years prior to his death, it was entirely proper that the

Harkins's Estate.

claimant should remain at home when the decedent was taken ill, and should also stay at home from the time of the decedent's death until his burial; but there was no obligation on the claimant's part to do so, and the allowance by the auditing judge of $25 for the use of his house during the funeral, and of the further sum of $25 for a luncheon furnished upon the day of the funeral, is all the compensation that he is entitled to.

Patrick P. Conway, Esq., also filed exceptions to the refusal of the auditing judge to award him $50 paid decedent's brother to cover the latter's expenses to Rochester, New York, for the purpose of ascertaining whether the decedent's son, who had moved there in his infancy, was still living, and also to the refusal of the auditing judge to award him a counsel fee for professional services alleged to have been rendered for the benefit of the decedent's estate. The auditing judge found, however, that the services rendered by Mr. Conway and the money which he advanced were in the interest of the decedent's brother and other collateral relatives, and this finding of the auditing judge is conclusive in the absence of manifest error.

The first, second and third exceptions filed on behalf of Michael Roach are sustained; all other exceptions are dismissed, the adjudication is amended to the extent indicated by this opinion, and, as so amended, is confirmed absolutely.